**STATE of Missouri, Respondent,**

v.

**Darryl B. HECKADON, Appellant.**

**No. SD 32054.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 11, 2013.

Emmett D. Queener, Columbia, for Appellant.

Chris Koster & Jennifer Ann Rodewald, Jefferson City, for Respondent.

DANIEL E. SCOTT, P.J.

Appellant challenges his convictions for sodomy and endangering the welfare of a child. We dispense with the customary statement of facts given the victim's age,

the offenses, and the nature of the points on appeal.

## Point I

Appellant claims that his jailhouse admissions should have been suppressed, alleging that he "gave the statement outside of the 24 hour hold permitted by Section 544.170 RSMO Cum.Supp.2005, ... and the statement was therefore inadmissible 'fruit of the poisonous tree.'"[1] We disagree.

■ The record does not clearly establish whether Appellant's utterances were minutes before, or minutes after, § 544.170's 24–hour period. Either way, as Appellant concedes, we noted in *State v. Ard*, 11 S.W.3d 820, 827 (Mo.App.2000), that "a violation of § 544.170 does not automatically make a statement involuntary." Suppression does not lie for such a violation standing alone, *id.*, which is all that Point I alleges.[2]

Appellant cites no contrary authority. We are not inclined to veer from *Ard*. Point I fails.

## Point II

■ Appellant also charges error in the denial of his request for a new trial "based on newly discovered evidence," *i.e.*, that one *of Appellant's own trial witnesses*

"was nervous and did not understand the questions that were asked" and, thus, allegedly did not disclose certain information. However, Appellant did not plead or prove what he now claims was needed to obtain such relief.

Appellant argues and cites cases holding that a movant must show four things to obtain a new trial based on newly discovered evidence:

1. The facts constituting the newly discovered evidence have come to the movant's knowledge after the end of the trial;

2. Movant's lack of prior knowledge is not owing to any want of due diligence on his part;

3. The evidence is so material that it is likely to produce a different result at a new trial; and

4. The evidence is neither cumulative only nor merely of an impeaching nature.

*See, e.g., State v. Terry*, 304 S.W.3d 105, 108–09 (Mo. banc 2010) (citing *State v. Whitfield*, 939 S.W.2d 361, 367 (Mo. banc 1997)).[3]

Appellant's one-sentence allegation in his new trial motion did not list these items and was not self-proving. A four-sentence affidavit in the court file was not

---

1. As relevant here, the cited statute provides that persons jailed without warrant or other process for any alleged criminal offense, "or on suspicion thereof, shall be discharged from said custody within twenty-four hours from the time of such arrest, unless they shall be charged with a criminal offense by the oath of some credible person, and be held by warrant to answer to such offense." Prior to amendments in 2001 and 2005, this time limit had been 20 hours.

2. At the end of his Point I argument, Appellant suggests that he was "psychologically

coerced," a claim we ignore because it is outside the point relied on, is not adequately developed by argument, and cites no evidentiary support that we can consider under our standard of review.

3. Appellant cites and relies on cases where such claims were raised *after* the deadline for a new trial motion. Given this argument, we assume, without deciding, that these factors also apply to the claim made in Appellant's timely motion for new trial.

offered into evidence, was hearsay, and in any event did not purport to establish these *four* elements. Although Appellant called six witnesses on other matters at the same hearing, he offered no testimony, no documentary evidence, and no argument in support of this claim.

The trial court did not err in denying this insufficient and unproven request.

We deny Point II and affirm the judgment and conviction.

MARY W. SHEFFIELD, J., and DON E. BURRELL, C.J., CONCUR.